IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDY ORTIZ, | : | |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 21-CV-3101 |
| | : | |
| BLANCHE CARNEY, *et al.*, | : | |
|     *Defendants*. | : | |

## **ORDER**

AND NOW, this 29th day of December, 2021, upon consideration of Plaintiff Andy Ortiz's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 8), and Complaint (ECF No. 2),[1] which the Court understands to assert constitutional claims pursuant to 42 U.S.C. § 1983, it is **ORDERED** that:

1.    Leave to proceed *in forma pauperis* is **GRANTED**.

2.    Andy Ortiz, #1212917, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Curran Fromhold Correctional Facility or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Ortiz's inmate account; or (b) the average monthly balance in Ortiz's inmate

---

[1] Since filing his original Complaint, Ortiz has filed four additional documents. (*See* ECF Nos. 9, 10, 11 and 13.)  The documents do not satisfy the Rules of Civil Procedure applicable to pleadings and, therefore, are not construed as amended complaints.  The documents are styled as letters that describe events Ortiz has experienced while incarcerated.  Other than ECF No. 11, they do not bear captions.  None of them identify defendants or legal claims, none set forth facts in separate numbered paragraphs.  Thus, they cannot be construed as amended complaints since they do not comply with the requirements of Federal Rules of Civil Procedure 8 and 10.  The Court, therefore, considers Ortiz's original Complaint to be the operative pleading in this matter.

account for the six-month period immediately preceding the filing of this case.  The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case.  In each succeeding month when the amount in Ortiz's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Warden's inmate account until the fees are paid.  Each payment shall refer to the docket number for this case.

     3.     The Clerk of Court shall **SEND** a copy of this Order to the Warden of Curran Fromhold Correctional Facility.

     4.     The Complaint is **DEEMED** filed.[2]

     5.     Ortiz's claims against Defendants Deputy Warden E. Cruz, Blanche Carney, and the City of Philadelphia are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).[3]  The Clerk of Court is

---

[2] In the Complaint, Defendant Correctional Officer Blacksheer is alleged to have unlocked Ortiz's cell door to permit entry by two inmates who proceeded to start a fight with Ortiz. (ECF No. 2 at 4, 5.)  Defendant Correctional Officer Jones is alleged to have instructed other inmates to fight with Ortiz and "punch him in the yard."  (*Id.* at 5.)

[3] Because Ortiz is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  The only factual allegations against Deputy Warden Cruz are that, after a grievance Ortiz filed was denied, Ortiz contacted Defendant Cruz about the incident involving Defendants Blacksheers and Jones, with the result that these Defendants were removed from the unit where Ortiz's cell was located.  (ECF No. 2 at 7.)  These allegations do not give rise to a claim because they do not explain how Defendant Cruz personally participated in the incident forming the basis for Ortiz's claims.  Additionally, to the extent Ortiz seeks to pursue a vicarious liability claim against Deputy Warden Cruz, he cannot do

so, because Cruz cannot be held vicariously liable for the actions of his subordinates. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Because Ortiz's allegations against Deputy Warden Cruz do not support any basis for liability, the Court will dismiss the claims against him.

Ortiz includes an official capacity claim for money damages against Defendant Carney, who is alleged to be the Commissioner of Prisons. (ECF No. 2 at 3.) Claims against county and municipal officials named in their official capacity are indistinguishable from claims against the local government entities that employ them. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). That is because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky*, 473 U.S. at 166.

Ortiz also includes a claim against the City of Philadelphia. To state a claim for municipal liability, a plaintiff must allege that the municipality's policy or custom caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694. "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009). "'Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict.'" *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)). "'Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law.'" *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)). A plaintiff illustrates that a custom was the proximate cause of his injuries by demonstrating that the defendant "had knowledge of similar unlawful conduct in the past, failed to take precautions against future violations, and that its failure, at least in part, led to his injury." *Id.* (internal quotations and alterations omitted).

Alternatively, a plaintiff may also state a basis for municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 f.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.*

Ortiz's Complaint is devoid of any allegations connecting the alleged constitutional violations he suffered to any municipal policy or custom, or to any failure to train, supervise or discipline. The Court will therefore dismiss Ortiz's claim against Defendant Carney in her official capacity as not plausible. For the same reasons, the Court will dismiss Ortiz's

**DIRECTED** to **TERMINATE** Blanche Carney and Warden E. Cruz as Defendants in this case.

6. The Clerk of Court shall issue summonses as to the remaining Defendants. Service of the summonses and the Complaint shall be made upon the Defendants by the U.S. Marshals Service. Ortiz will be required to complete USM-285 forms so that the Marshals can serve the Defendants. Failure to complete those forms may result in dismissal of this case.

7. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct copy of the foregoing (name of pleading or other paper) has been served upon (name(s) of person(s) served) by placing the same in the U.S. mail, properly addressed, this (day) of (month), (year).
> 
> _____
>   (Signature)"

8. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and Local Rules

---

claim against the City of Philadelphia as not plausible. The City will not be terminated as a party, however, but will remain for service purposes only.

are to be followed.  Ortiz is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper response to all motions within fourteen (14) days.  Failure to do so may result in dismissal.

9. Ortiz is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute."  Ortiz shall attempt to resolve any discovery disputes by contacting Defendants' counsel directly by telephone or through correspondence.

10. No direct communication is to take place with the United States District Judge or United States Magistrate Judge with regard to this case.  All relevant information and papers are to be directed to the Clerk of Court.

11. In the event a summons is returned unexecuted, it is Ortiz's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

12. The parties should notify the Clerk's Office when there is an address change.  Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights.

                                        **BY THE COURT:**

                                        */s/ Gerald J. Pappert*
                                        **GERALD J. PAPPERT, J.**